DOCKET NO. 764                                    MAY 31 1988

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE TEXAS EASTERN TRANSMISSION CORP. PCB CONTAMINATION INSURANCE COVERAGE LITIGATION

TRANSFER ORDER

This litigation presently consists of two actions pending in two federal districts: one action each in the Northern District of Texas and the Eastern District of Pennsylvania. Before the Panel is a motion by the two plaintiffs in the Pennsylvania action to centralize the two actions in this litigation, pursuant to 28 U.S.C. §1407, in the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings.[1] One defendant in the Pennsylvania action joins in the Section 1407 motion. Texas Eastern Transmission Corporation (Texas Eastern), a defendant in the Pennsylvania action and the sole defendant in the Texas action, opposes centralization. In the alternative, Texas Eastern would favor transfer of both actions to the Southern District of Texas.

On the basis of the papers filed and the hearing held, the Panel finds that these two actions involve common questions of fact and that centralization under Section 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These common factual questions arise because the issue presented in both actions is whether Texas Eastern is entitled to liability insurance coverage for contamination of waste sites along its pipeline system. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. Texas Eastern contends that the Section 1407 motion is premature and that the Panel should make no decision in this matter until motions to dismiss or stay that are pending in both actions have been resolved. We disagree. Such motions can be presented to and decided by the transferee judge after transfer. See In re Commonwealth Oil/Tesoro Petroleum Securities Litigation, 458 F. Supp. 225, 230 (J.P.M.L. 1978).

In designating the Eastern District of Pennsylvania as transferee forum, we note that 1) the Pennsylvania action, of the two federal court actions, has by far the more comprehensive roster of parties; 2) more of the contaminated waste sites are located in Pennsylvania than in any other state; and 3) Texas Eastern's estimated cleanup cost for Pennsylvania is higher than for any other state.

---

[1] One other related action is pending in Texas state court in Harris County, Texas.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the Northern District of Texas be, and the same hereby is, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Donald W. Van Artsdalen for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

<u>MDL-764 -- In re Texas Eastern Transmission Corp. PCB Contamination Insurance Coverage Litigation</u>

<u>Northern District of Texas</u>

<u>The Fidelity & Casualty Company of New York v. The Texas Eastern Transmission Corporation</u>, C.A. No. CA3-87-2925-T

<u>Eastern District of Pennsylvania</u>

<u>Associated Electric & Gas Insurance Services Ltd., et al. v. Texas Eastern Transmission Corporation, et al.</u>, C.A. No. 88-2126